*WRIGHT, J.
A demurrer admits the matter well set forth-to be true, and claims that it is legally insufficient to found upon it the relief prayed for, or to compel an answer. The bill, in its stating and charging part, should make a case on which the court can grant relief. In order to secure a full answer in the first instance, and; avoid delay, it is sometimes the practice (though unnecessary) to reassert the matter in specific interrogatories, and pray an answer to each. This is seldom done in our practice, except in cases of fraud, or where a discovery is sought; In all cases, the interrogatories must be confined to the case disclosed in the bill, though they may descend to particulars, and embrace incidents inconvenient to-be set forth in the bill.
The bill before us is in artificially- drawn, and if demurred to,. might not be held sufficient. But the defendants have answered & ,, the bill, and demurred to the interrogatories. This is not regular.. If the answer is not full, the complainant should except, and on the hearing of the exceptions, the question will arise whether the defendant is bound to answer, or whether the questions are pertinent to the case. The point cannot be resolved by demurrer.
The bill, though unskilful, asserts, that a Baptist association or-church, was established in Dayton, some years since, which was independent of all others, which bought a lot and built a house of' worship, and took a conveyance to their trustees and their successors. That for spiritual comfort, this church occasionally associated with others in a yearly meeting of messengers, and did associate with the Miami Association. That in 1824, the defendants, and associates separated from the association, with their pastor, and rejected their plain simple doctrine and practices; have written a reproachful letter to the association, and kept out of the meeting house ministers kindly invited to give consolation in their distracted state, and attempted to disown certain members. It prays a discovery of the doctrines of their belief, the difference between them *331 and those disowned, and that the lot may be restored to the complainants.
Although the general proposition of the defendants’ counsel, that no man shall be called in question for his religious belief, is true, yet that is supposed not to interpose any barrier in the way of this court, when called to settle the right of property dependent upon belief, to prevent inquiry to the extent necessary to ascertain who is entitled. To that extent, the inquiry is incident to the controversy, and we doubt not is within our poAver. No one shall be called in question, or held responsible to punishment or criminal ^prosecution for his religious belief, for it is his constitutional [325 right to Avorship God according to his conscience, and no human authority can, in any case whatever, control or interfere with the rights of conscience. The question before us is not one of conscience, but one of property, and is not embraced in the constitutional inhibition.
The demurrer is not well taken; but the bill is so loose that we cannot well see how relief can be afforded, if its allegations are proven. Both parties appear before us in fault, and we suggest that the demurrer be withdrawn by agreement, and that the complainants have leave to amend their bill, and the defendants their answer, without costs; which Avas done accordingly.